In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-25-00379-CR
_____

RAMON GERARDO MORALES, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. 24DC-CR-00198**
_____

**MEMORANDUM OPINION**

A jury found Appellant Ramon Gerardo Morales guilty of felony evading

arrest or detention with a vehicle, a third-degree felony. *See* Act of May 27, 2011,

82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2321, 2322; Act of May

23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. 1046, 1046

(current version at Tex. Penal Code Ann. § 38.04(b)(2)(A)).[1] The trial court found there was sufficient evidence that Morales had a prior felony conviction as alleged in the indictment and assessed Morales's punishment as a habitual offender at five years of confinement. *See* Tex. Penal Code Ann. § 12.42(a).

Morales's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On December 15, 2025, we granted an extension of time for Morales to file a pro se brief, and Morales filed no response.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support the appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it

---

[1] We note that the Legislature enacted two different versions of section 38.04(b) in 2011 and that an offense is a third-degree felony if an offender used a vehicle to evade arrest, regardless of whether he has a prior conviction for evading. *See Copeland v. State*, No. 09-19-00194-CR, 2020 WL 1280194, at *3 (Tex. App.—Beaumont Mar. 18, 2020, no pet.) (mem. op., not designated for publication); *see also* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2321, 2322; Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. 1046, 1046 (current version at Tex. Penal Code Ann. § 38.04(b)(2)(A)).

considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on March 24, 2026
Opinion Delivered April 1, 2026
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

---

[2] Morales may challenge our decision in this case by filing a petition of discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.1.